UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:19-cv-24713-KMW

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NEIL BURKHOLZ, FRANK BIANCO,
PALM FINANCIAL MANAGEMENT, LLC,
AND SHORE MANAGEMENT SYSTEMS, LLC,

Defendants, and

RHODA BURKHOLZ AND SUZANNE BIANCO,

Relief Defendants.
_____/

## FINAL JUDGMENT FOR DEFENDANTS PALM FINANCIAL MANAGEMENT, LLC AND SHORE MANAGEMENT SYSTEMS, LLC

**WHEREAS**, on January 22, 2020, the Clerk of Court entered Clerk's Certificates of Default against Defendants Palm Financial Management, LLC ("Palm Management") and Shore Management Systems, LLC ("Shore Management"), and WHEREAS, the Court has reviewed Plaintiff Securities and Exchange Commission's Motion for a Default Judgment against Palm Management and Shore Management, all supporting documents, and any opposition thereto, and based on the evidence and authorities presented therein, the Court hereby finds that Palm Management and Shore Management have each violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and orders as follows:

## I.     Permanent Injunction

**IT IS ORDERED, ADJUDGED, AND DECREED** that Palm Management and Shore Management are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment in securities,

        (B) the proposects for success of any investment,

        (C) the use of investor funds,

        (D) compensation to any person,

        (E) the rates of the investment return, historically or in the future,

(F) investor account balances, or

(G) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Palm Management's and Shore Management's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Palm Management or Shore Managmenet or with anyone described in (a).

## II. <u>Monetary Relief</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Palm Management is liable for disgorgement of $556,231.47, representing Palm Management's net illicit gains, plus prejudgment interest in the amount of $67,889.61, for a total of $624,121.08, and that Shore Management is liable for disgorgement of $534,418.48, representing Shore Management's net illicit gains, plus prejudgment interest in the amount of $65,227.27, for a total of $599,645.75. Palm Management and Shore Management shall each pay these amounts within fourteen (14) days after entry of this Final Judgment.

Palm Management and Shore Management may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Palm Management and Shore Management may also pay by certified check, bank cashier's check, or United

3

States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Palm Management or Shore Management's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Palm Management and Shore Management shall each simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making their respective payments, Palm Management and Shore Management relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Palm Management or Shore Management. Palm Management and Shore Management shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall hold the funds, together with any interest and income thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this judgment to the United States Treasury.

4

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in partial satisfaction of Palm Management's and Shore Management's disgorgement obligations, within 3 days after being served with a copy of this Final Judgment, TD Ameritrade shall transfer the entire balance of the following brokerage accounts, which were frozen pursuant to an Order of this Court, to the Commission:

| Account Owner | Account Number |
|---|---|
| Palm Financial Management | -5095 |
| Shore Partners | -1244 |
| Shore Partners | -7084 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in partial satisfaction of Palm Management's disgorgement obligations, within 3 days after being served with a copy of this Final Judgment, Wells Fargo Bank shall transfer the entire balance of the following bank accounts, which were frozen pursuant to an Order of this Court, to the Commission:

| Account Owner | Account Number |
| --- | --- |
| Palm Financial Fund | -3487 |
| Palm Financial Management LLC | -4900 |

Wells Fargo Bank may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo Bank also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ___ day of February, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE