**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:19-CV-24713-KMW**

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

NEIL BURKHOLZ, FRANK BIANCO,
PALM FINANCIAL MANAGEMENT, LLC, and
SHORE MANAGEMENT SYSTEMS, LLC,

           Defendants, and

RHODA BURKHOLZ, and SUZANNE BIANCO,

           Relief Defendants.

_____/

**FINAL JUDGMENT AS TO DEFENDANT FRANK BIANCO**

The Securities and Exchange Commission having filed a Complaint and Defendant Frank Bianco ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in section V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**     **Permanent Injunction**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality

1

of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment in securities,

        (B) the prospects for success of any investment,

        (C) the use of investor funds,

        (D) compensation to any person,

        (E) the rates of the investment return, historically or in the future,

        (F)  investor account balances, or

        (G) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.     Monetary Relief

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $386,022.29, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $57,974.93.  Defendant is liable on a joint and several basis with Relief Defendant Suzanne Bianco for $42,048 of this disgorgement and $7,703.86 of this prejudgment interest.  Defendant is further liable for a civil penalty in the amount of $920,825 pursuant to Section 21(d)(3) of the Exchange Act.  Defendant shall satisfy these obligations by paying $1,364,822.22 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Bianco as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by,

4

offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III. Account Transfers

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the following financial institutions shall lift the asset freeze on the following accounts, which were previously frozen pursuant to an Order of this Court:

| Financial Institution Name | Account Owner | Account Ending in |
|---|---|---|
| Bank of America | Frank and Suzanne Bianco | -4181 |
| Bank of America | Frank Bianco, Inc. | -5490 |
| Wells Fargo Bank | FJB Investment Trust | -3477 |
| TD Ameritrade | Frank and Suzanne | -8897 |

|  | Bianco |  |
|--|--------|--|
|  |        |  |

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the $4,000 per month spending limit ordered on December 9, 2019 (DE 30) and extended on March 11, 2020 (DE 55) is hereby lifted.  Except as specifically modified in this Final Judgment, the asset freeze entered on November 14, 2019 (DE 9) and modified on December 9, 2019 (DE 30) shall remain in place as to Defendant's assets until further order by this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.   Conclusion

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in chambers in Miami, Florida, this 11th day of May, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE